## City of Chicago v. Charles H. Slack.
### Gen. No. 11,777.

1. ORDINANCE—*what may be considered in determining reasonableness of.* The legislative expressions of public policy upon a subject sought to be regulated by municipal ordinance may be considered in connection with such ordinance to determine the reasonableness of its provisions.

2. LIQUOR—*power of municipality to regulate sale of, by grocer.* A municipality has the power by ordinance to require a grocer selling liquors in quantities less than one gallon to take out a license, notwithstanding no bar is kept by such grocer.

Action of debt. Appeal from the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed June 2, 1905.

HOWARD S. TAYLOR and GEORGE H. KRIETE, for appellant.

No appearance for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The city of Chicago commenced this action in debt before a justice of the peace in Cook county to recover the penalty prescribed in the city ordinance prohibiting the sale of liquor without a license. A judgment was rendered by the justice against appellee, and an appeal was taken from that judgment to the Criminal Court of Cook county. On the trial in that court, the jury were instructed to find for the defendant. Judgment was rendered against appellant for costs, and this appeal brings the case to this court for review.

The undisputed evidence as disclosed by the record is that on January 7, 1903, appellee was engaged in business at No. 45 East Randolph street in the city of Chicago as a wholesale and retail grocer and liquor dealer; that on that day a half pint of whiskey was sold in appellee's place of business, and that liquors were displayed together with the prices thereof in the above-mentioned store in quantities less than one gallon. It further appears that appellee was notified on January 7, 1903, by a police officer of appellant that his license had expired, and that it would have to be renewed and that appellee said he would not renew his license.

The following ordinance of the city of Chicago was admitted in evidence:

"1182. (Unlicensed Sales—PENALTY.) Any person who shall hereafter have or keep any saloon, tavern, grocery, ordinary, victualing or other house or place within the city of Chicago for selling, giving away, or in any manner dealing in intoxicating liquors in quantities less than one gallon, or who, by himself, his agents or servants, shall sell, give away, or in any manner deal in intoxicating liquors in quan-

City of Chicago v. Slack.

tities less than one gallon, or who, by himself, his agents or
servants, shall keep a dram-shop for the sale of liquors in
quantities less than one gallon without a license therefor, in
pursuance of this chapter, and other ordinances of the city of
Chicago, shall, upon conviction, be fined not less than twenty
dollars nor more than one hundred dollars for each and every
offense."

Appellee testified on the trial that he was in business on
January 7, 1903, and at the time of the trial as a wholesale
and retail grocer and wine merchant, selling wines and
liquors to consumers in all sizes of packages, nothing less,
however, than one-half pints; that there was no bar at No.
45 Randolph street and never had been one there or at any
other place which he kept, and that no liquors were drunk on
the premises.

The express power of the city of Chicago to license, regu-
late and prohibit the sale of liquor in the city of Chicago is
given in clause 46, section 1, article 5 of the Cities and Vil-
lages Act.   The power to pass all ordinances, rules and make
all proper or necessary regulations therefor is granted in
clause 96 of the same Act.

Clause 46 was before the Supreme Court for construction
in The People ex rel. v. Cregier, 138 Ill. 401, and it was
held that the authorities of cities and villages had power be-
yond question under this clause to prohibit the sale of intox-
icating liquors altogether.   Under these powers to license,
regulate and prohibit the sale of liquor and to pass ordinances
to carry into effect the powers granted the City Council of
the city of Chicago enacted the above ordinance.

The Criminal Court held that the ordinance was not in-
tended to apply to such a business as the defendant con-
ducted, and instructed the jury to find a verdict for the de-
fendant.   We think this was error.   Section 2 of the Dram-
Shop Act prohibits the sale of intoxicating liquors in quanti-
ties of less than one gallon without a license; and section 3
of that act prohibits municipal authorities from issuing li-
censes except upon the payment in advance of the license
fee, which may be determined by such authorities, not less

than at the rate of $500 per annum. In section 7 of the Act we find an enumeration of the places which, if intoxicating liquors are sold therein in violation of the act, shall be taken and held and declared to be common nuisances. This section shows that grocers as a class of dealers were not only not overlooked by the legislature but were in the legislative mind and expressly named. We think it clear that under the provisions of the Dram-Shop Act and the construction placed upon it in Wright v. The People, 101 Ill. 126, the business of the defendant Slack, as shown by the evidence, was within its terms and provisions. The statute must be regarded as an expression of the legislative policy of the state upon the subject of the sale of liquors and may be considered in connection with ordinances upon the same subject in determining the question of the reasonableness of the latter, and their construction.

The ordinance under which this action was brought follows closely the statute above referred to, and must be given a similar construction as to its application to persons who sell intoxicating liquors in less quantities than one gallon, and to the places where liquors are so sold. We are of the opinion that the ordinance tested by the statute and the reasoning of the court in Wright v. The People, *supra,* covers and was intended to cover the case of the defendant as disclosed by the evidence and that it is reasonable and valid. The testimony of the defendant himself showed that without doubt he had violated the ordinance and was liable for the penalty therein provided.

For the error indicated the judgment of the Criminal Court is reversed and the cause remanded.

*Reversed and remanded.*